UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REIKO NAKANO et al.,

                 Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY
COMPANY,

                 Defendant.

CASE NO. 3:25-cv-05908-BHS

ORDER

THIS MATTER is before the Court on plaintiffs Reiko Nakano and Sam Cho's

motion to strike defendant State Farm's affirmative defenses. Dkt. 10. The case involves

a fire loss at Nakano's[1] home, and Nakano's claim for coverage and benefits under her

State Farm homeowner's policy. Dkt. 1-1.

State Farm's Answer asserted 17 "affirmative" defenses:

    **1.** The Complaint, and each cause of action therein, may be barred or
limited by the terms of the homeowner policy number 47-ET-H535-4
issued to Plaintiffs ("Policy"), which includes the following provisions
regarding Loss Settlement, which states, in relevant part: [Policy provision
omitted]

---

[1] The Court uses the singular, feminine "Nakano" for clarity and ease of reference.

**2.** The Complaint, and each cause of action therein, may be barred or limited by conditions of the Policy, which set forth Plaintiffs' duties after a loss. [Policy provision omitted]… State Farm reserves all rights to rely on any other exclusion, condition or limitation not explicitly set forth in this affirmative defense.

3. Plaintiffs' allegations fail to state claim upon which relief may be granted.

4. Plaintiffs have failed to mitigate damages and/or protect themselves from avoidable consequences.

5. On information and belief, Plaintiffs' claims are barred to the extent the doctrines of waiver, estoppel, and laches apply.

6. Plaintiffs are not entitled to recover under the Policy because exclusions, limitations, terms, conditions, definitions, endorsements, or other provisions apply.

7. Plaintiffs may have failed to mitigate Plaintiffs' damages and protect themselves from avoidable consequences.

8. State Farm's actions were conducted in good faith and in accordance with the Policy and existing law. State Farm's coverage and claim-handling decisions and actions were reasonable and fairly debatable under the facts known to it at the time.

**9.** State Farm asserts the defense of payment.

10. Plaintiffs' claims are barred, in whole or in part, as State Farm, at all times, acted in accordance with Washington law, including the Consumer Protection Act and the Insurance Fair Conduct Act.

11. Plaintiffs' claims are barred, in whole or in part, to the extent they failed to satisfy conditions precedent under the Policy.

12. The damages suffered by Plaintiffs, if any at all, may have been the direct and proximate result of other individuals not readily known to State Farm at this time or not under State Farm's control.

13. Plaintiffs' claims may be barred by their failure to cooperate.

14. Damages, if any, were caused by the fault of others, including the Plaintiffs

15. Pursuant to RCW 4.22.070, State Farm is entitled to an allocation of fault and a determination of the proportionate share of fault of all persons and entities causing damages for which Plaintiffs seek recovery.

16. To the extent discovery reveals that Plaintiffs breached their State Farm insurance policy, recovery may be barred.

17. To the extent discovery reveals that Plaintiffs have unclean hands, recovery must be barred.

Dkt. 7 at 13–19 (bolded numbering added).

Nakano asks the Court to strike all but affirmative defenses Nos. 1, 2, and 9 (bolded above) as insufficient as a matter of law.

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense[.]" "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation and quotation omitted). Rule 12(f) motions are generally "disfavored" because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE § 9:375 (citing *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

Federal Rule of Civil Procedure 8 governs pleadings generally, whether by complaint or by answer. Rule 8(c) specifically addresses affirmative defenses and requires a party responding to a pleading to "affirmatively state any avoidance or affirmative defense." *Id.* Affirmative defenses offer legal reasons why, even if the plaintiff's allegations are true, the defendant is not liable. *In re Wash. Mut., Inc., Secs., Derivative & ERISA Litig.*, No. 08–md–1919MJP, 2011 WL 1158387, at *1 (W.D. Wash. 2011).

A true affirmative defense has two primary characteristics: the party asserting it carries the burden of proof, and Rule 12 requires a defendant to assert an affirmative defense in its Answer, or it is waived. A defense that the plaintiff has failed to state a claim, or cannot prove the elements of her claim, is not an affirmative defense; it is just a

defense. Listing it in one's answer does not make it an affirmative defense, or shift the burden of proof to the defendant.

A motion to strike defenses as insufficient should be denied unless the moving party demonstrates that (1) there are no questions of fact, (2) any questions of law are clear and not in dispute, and (3) under no set of circumstances can the defense succeed. *Campagnolo v. Full Speed Ahead, Inc.*, 258 F.R.D. 663, 665 (W.D. Wash. 2009). The Motion to Strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject of the litigation. *Neveu v. City of Fresno*, 390 F. Supp. 2nd 159, 1170 (E.D. Cal. 2005).

State Farm contends that each of its asserted affirmative defenses is valid, that ultimate viability of each of the facts of the case should be addressed through discovery (and presumably, future motion practice). Dkt. 14.

The Ninth Circuit has not yet decided whether the *Iqbal* and *Twombly* pleading standard applies to affirmative defenses, creating a split among the district courts. *See, e.g.*, *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d. 925, 928 (N.D. Cal. 2012); *Barnes v. AT&T Pension Ben. Plan*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) (collecting cases). However, many courts in this District have already declined to extend heightened pleading standards to affirmative defenses. *See Palmason v. Weyerhaeuser Co.*, No. C11–695RSL, 2013 WL 392705, at *1 (W.D. Wash. 2013); *U.S. v. Center for Diagnostic Imaging, Inc.*, No. C05–0058RSL, 2011 WL 6300174, at *2 (W.D. Wash. 2011) (listing cases); *In re Wash. Mut.,* 2011 WL

1    1158387, at *1 (W.D. Wash. 2011); *Kerzman v. NCH Corp.*, No. C05–1820JLR, 2007

2    WL 765202, at *7 (W.D. Wash. 2007).

3        The Court declines to require State Farm to plausibly plead facts supporting the

4    assertion of its affirmative defenses in its answer to preserve those defenses. The

5    key to determining the sufficiency of pleading for an affirmative defense is whether it

6    gives plaintiff fair notice of the defense. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827

7    (9th Cir. 1979).

8        Some of State Farm's listed defenses—Nakano's "failure to state a plausible

9    claim," most prominently[2]—are not affirmative defenses at all, because State Farm does

10   not carry (and presumably does not wish to assume) the burden of proof on them. Others,

11   including especially defenses based on RCW Chapter 4.22's tort "fault" concepts, do not

12   appear to be applicable in this breach of contract and insurance bad faith case. But the

13   Civil Rules' laudable goal of efficiency and streamlining issues is not served by litigating

14   the potential applicability of State Farm's list of defenses under Rule 12(f) at this early

15   stage. If, after discovery, State Farm cannot factually or legally support any of its

16   defenses, a *Celotex* summary judgment motion would be a more appropriate mechanism

17   for dismissing them.

18       For now, Nakano's motion to strike State Farm's affirmative defenses is

19   **DENIED**.

20       //

21

22       [2] Such a defense must be asserted by motion, *before* a defendant answers. Rule 12(b).

**IT IS SO ORDERED**.

Dated this 8th day of January, 2026.

_____

BENJAMIN H. SETTLE
United States District Judge